1  WALTER F. BROWN (SBN 130248)
   wbrown@paulweiss.com
2  R. ROSIE VAIL (SBN 317977)
   rvail@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON &**
   **GARRISON LLP**
4  535 Mission Street, 24th Floor
   San Francisco, CA 94105
5  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3079
6
7  *Attorneys for Defendant*
   ANTHONY MACIAS

FILED

JUN 09 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | UNITED STATES OF AMERICA,        | Case No. 21-cr-00026 (EMC)
12 |            Plaintiff,            | **REDACTED VERSION OF DOCUMENT**
   |                                  | **SOUGHT TO BE SEALED**
13 |       v.                         |
14 | ANTHONY MACIAS, et al.           | **SENTENCING MEMORANDUM**
15 |            Defendants.           |
   |                                  | Sentencing Date:  June 16, 2022
16 |                                  | Hearing Time:    10:45 a.m.
   |                                  |
17 |                                  | Courtroom:  4, 17th Floor
   |                                  | Judge:      Edward M. Chen
18

19      Anthony Macias stands before this Court for sentencing, having pled guilty to distribution

20 of five grams or more of methamphetamine.  Notwithstanding the individualized circumstances

21 here—namely, that the offense and Mr. Macias' nonviolent criminal history are explained uniquely

22 and almost entirely by Mr. Macias' ▮▮▮▮▮▮▮▮▮▮▮▮▮—Mr. Macias faces a U.S.

23 Sentencing Guidelines range of 70 to 87 months.[1]  Mr. Macias is humbled by this reality and takes

24 full responsibility for his crime and for his criminal past.  Since mid-2019, well before his

25 indictment and arrest in this case, he has fought ferociously to overcome ▮▮▮▮▮.  As is

---

26 [1] The Presentence Investigation Report ("PSR") reflects a Guidelines range of 84–105 months, based upon
27 a Total Offense Level of 25 and Criminal History Category IV.  PSR ¶ 121.  As the Probation Office
   acknowledges, however, the parties' plea agreement provides for an additional 2-level downward adjustment
28 in the offense level, for global disposition, resulting in a Total Offense Level of 23 and a sentencing range
   of 70–87 months.  *Id.* ¶ 136.

1



1   common, ███████████████████████████████████████
2   ███████████████████████████████████████████
3   ████████████████████████████████.  However, he remains fully
4   committed to putting ██████████████ behind him and rebuilding his life, and recently completed
5   a ████████████████████████████.  When he has completed his
6   sentence, it is Mr. Macias' dream to become a counselor for ██████████████████████
7   ████ and to, eventually, open his own ████████████████████.

       The Guidelines range in this case significantly overstates Mr. Macias' culpability and, were he to receive a sentence in this range, would result in unfairly and unnecessarily harsh punishment. Accordingly, Mr. Macias respectfully requests that this Court impose the mandatory minimum sentence—60 months.  Such a sentence would reflect his individualized circumstances, would be appropriate to meet the objectives of the federal sentencing framework set forth in 18 U.S.C. § 3553(a), and would be no longer than necessary to achieve the statute's objectives.  The U.S. Probation Officer, also considering these factors, has recommended the same custodial sentence. *See* Addendum to the PSR at 1.

## I.    Anthony Macias' Personal History

### A.    Childhood Fraught with Trauma and Instability

       Mr. Macias was born the fourth of seven siblings in a neighborhood of East Palo Alto, California, where violent shootings, drug deals, and robberies were regular occurrences.  PSR ¶¶ 84–85.  During his early childhood, Mr. Macias' mother and father—who held irregular employment—were unable to meet Mr. Macias' basic needs due to tight finances and their alcohol abuse issues.  On weekdays, Mr. Macias' mother would feed him and his six siblings one meal per day.  Mr. Macias recalls "eating a lot of tortillas to get full." *Id.* ¶ 85.  On weekends, Mr. Macias' parents regularly consumed so much alcohol that they were unable to care for him, such that he had to ask his parents for money so that he could walk to McDonald's to buy himself a meal. *Id.* ¶ 89.

       As a young boy, Mr. Macias was frequently the victim of both physical and emotional abuse from his mother, who hit him and his siblings with a belt as a form of discipline—and, in some circumstances, for seemingly no reason at all. *Id.* ¶ 87.  Mr. Macias struggled early in school and

1   was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2   *Id.* ¶ 111.  As a consequence, Mr. Macias was required to attend a different school from his six

3   siblings, who were close to one another, and he became isolated even within his own family.  *Id.*

4   ¶¶ 86–87.  Growing up, Mr. Macias was often ridiculed by his mother, who would call him

5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* ¶ 87.

6          At the age of twelve, Mr. Macias heard his mother lie to his aunt on the phone by telling

7   her that he (Mr. Macias) had been shot and killed—and using that lie to guilt Mr. Macias' aunt into

8   bringing his mother some consolatory beers.  *Id.* ¶ 89.  Mr. Macias recalls that it made him feel

9   awful that his own mother would pretend that he was dead, just to get a few free beers.  While Mr.

10  Macias' father did not physically or emotionally abuse him, he also witnessed the habitual abuse

11  carried out by Mr. Macias' mother and did nothing to intervene.  Still, Mr. Macias always felt

12  closest with his father, which partially explains how Mr. Macias became involved in the criminal

13  conduct that places him before the Court today.

14         Outside of the home, Mr. Macias was repeatedly victimized by the violence and crime that

15  was rampant in his East Palo Alto neighborhood.  At age eleven, Mr. Macias' neighbor was shot in

16  front of him—just outside Mr. Macias' home.  *Id.* ¶ 88.  Mr. Macias was speaking with his neighbor

17  in his front yard when someone walked up to the neighbor and shot him repeatedly with an Uzi

18  machine gun.  Paralyzed in terror, Mr. Macias watched his neighbor collapse to the ground and

19  choke to death on his own blood.  Mr. Macias hid inside his house and could not even speak with

20  police when they arrived because of his fear of retaliation.  Mr. Macias was afraid to leave his house

21  for a long time after this incident.

22         Just a few years later, when Mr. Macias was fourteen, he heard gunshots immediately

23  outside of his house.  When Mr. Macias went outside to investigate, he found himself facing the

24  gunman.  *Id.* ¶ 90.  Luckily and contrary to what Mr. Macias feared might happen, the gunman

25  walked right past Mr. Macias.  It was at that point that Mr. Macias saw one of his neighbors had

26  been shot, and a friend of Mr. Macias' had been hit by the gunman.  Mr. Macias did not just witness

27  violence from his front lawn—he was himself the victim of violence in his own neighborhood

28  numerous times while growing up.

1        One of Mr. Macias' only sources of stability through these years was his father and co-

2    defendant in this case, Raudel Macias.  But at age seventeen, Mr. Macias' father was imprisoned

3    for selling drugs, and after serving approximately six years in jail, away from his developing

4    teenage son, was subsequently deported to Mexico in 2014.  Consequently, Mr. Macias' father was

5    not present in Mr. Macias' life for almost a decade: from the age of seventeen to twenty-six.  *Id.* ¶

6    92.  Mr. Macias was and remains close with his father, whose absence was incredibly difficult for

7    him.  After his father went to prison, Mr. Macias dropped out of high school to work and help

8    support his family, including his three younger siblings.  Mr. Macias' parents also divorced during

9    this time.  *Id.* ¶¶ 92, 110.

10       Despite the overwhelming stressors inside and outside of his home, Mr. Macias tried as hard

11   as he could to have a "normal" childhood.  As a child, Mr. Macias enjoyed riding his bike and

12   scooter.  From the age of eleven to thirteen, Mr. Macias played soccer on a team coached by his

13   uncle.  During high school, Mr. Macias enjoyed hanging out with friends, going to Great America,

14   laser tag, and the movies.  *Id.* ¶ 86.  Before his imprisonment, Mr. Macias' father would sometimes

15   take him hiking and for walks around the duck pond in Palo Alto.  Despite these efforts to lead a

16   normal life, Mr. Macias ██████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████

20       **B.      Mr. Macias'** ████████████████████████████

21       Mr. Macias was exposed to ████████████████ at an incredibly young age.  As discussed

22   above, Mr. Macias' parents became so intoxicated on weekends that they were unable to feed him

23   and his siblings.  *Id.* ¶ 89.  Mr. Macias was drawn to ██████████████████████

24   ████████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████

27   ██████████████████████████████████.

28



**C.** **Anthony Macias' Criminal History Was Wholly Driven by** ▮▮▮▮

Mr. Macias' criminal history chronicles his struggles with ▮▮▮▮ ▮▮▮▮. Indeed, almost all of Mr. Macias' past criminal conduct relates directly to ▮▮▮▮ ▮▮▮▮. Mr. Macias' other crimes—two burglaries during his early twenties (almost a decade ago now) and the current charge of distributing methamphetamine—were driven entirely by ▮▮▮▮. *Id.* ▮▮▮▮. Notably, Mr. Macias' criminal history does not involve a single crime of violence.

**D.** **Mr. Macias' Sincere Efforts to Overcome** ▮▮▮▮ **& Accept Responsibility**

Mr. Macias is incredibly regretful of the impact ▮▮▮▮ has had on his family and loved ones. In pursuit of his commitment to start living a "normal life," he has fought tenaciously

1    against ███████ beginning in 2020—well before his arrest or charge in this case. While his

2    recovery has been neither easy nor linear, Mr. Macias has demonstrated his sincere efforts to

3    overcome ████████████████████████████████████████████████████████████

4    ██████████████████████████████████. Throughout ███████████, Mr. Macias has been

5    helped by his family, friends, and long-time partner.

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████. He was and still

17   is incredibly proud of this accomplishment.

18         While in Mexico, Mr. Macias became aware of the outstanding federal arrest warrant and

19   voluntarily returned to the United States in June 2021 to face the charges in this case.

20   Understanding he would be taken into custody, Mr. Macias self-surrendered to border patrol. *Id.*

21   Once released on bail, Mr. Macias returned to his girlfriend Maria Bustamonte who had been

22   supportive throughout his treatment in Mexico. Mr. Macias lived with Ms. Bustamonte, helping

23   her raise her three children, while working two jobs.

24         The fear and pressure of facing five years in prison (or more) led Mr. Macias into a ███

25   ████████████████████████████████████████████████████████████████

26   ███. Magistrate Judge Spero, following the recommendation of Mr. Macias' Probation Officer,

27   did not change the conditions of Mr. Macias' release following this incident. Dkt. No. 112. In

28   December 2021, after ████████████████████████████, this pressure and the reality of his

looming sentencing led Mr. Macias to ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████.

Mr. Macias is eager to enroll in a prison-based ██████████████ and to continue ████████ as soon as he is incarcerated.  Mr. Macias will need █████████ and support while serving his sentence, and we respectfully request that the Court designate Mr. Macias to a facility with a ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████.

**E.**      **Notwithstanding** ████████████, **Mr. Macias Has Served as a Cornerstone and Vital Source of Emotional Support for His Family**

Despite the many obstacles Mr. Macias has faced, he remains a beloved and core part of his family.  Mr. Macias is a "kind and compassionate" brother, who "always put first his close friends and families before anything, including himself."  Exhibit ("Ex.") A (Letter from Sandra Macias); Ex. B (Letter from Susy Macias).  Mr. Macias is a caring uncle, who "constantly encourages his nephews and nieces to finish school because he knows an education is important."  Ex. A; Ex. C (Letter from Georgina Macias).  Moreover, with his long-time girlfriend Maria Bustamonte, Mr. Macias is a loving and supportive partner, and he serves as a father figure to Ms. Bustamonte's children—two teenagers and a toddler.  Mr. Macias has served as a vital source of support for his family and loved ones.

**II.     A Downward Variance from the Guidelines Range of 70–87 Months Is Appropriate and Would More Properly Meet the Goals of the Federal Sentencing System**

Probation determined Mr. Macias' Sentencing Guidelines range to be 84 to 105 months' imprisonment, but noted that the parties had agreed to a two level downward adjustment for global disposition, resulting in a total offense level of 23, and a Guidelines range of 70 to 87 months.  PSR ¶¶ 121, 136.  But for Mr. Macias' Criminal History Category of IV, his Guidelines calculation would likely result in a recommended sentencing range below the five-year statutory minimum.  However, due to his criminal history, Mr. Macias' Guidelines range exceeds that minimum.  As detailed below, Mr. Macias' Guidelines range significantly overstates his culpability, particularly in light of the circumstances of Mr. Macias' offense, his personal history, and the comparable treatment of defendants in similar circumstances.  Any period of incarceration beyond the five-year minimum will not further the goals of deterrence, protection of the public, respect for the law, just punishment, or any other objective of the statutory scheme governing criminal sentencing.  Accordingly, Mr. Macias asks that the Court grant a downward variance from his Guidelines range and impose the statutory minimum five-year sentence.

**A. Circumstances of the Offense and Mr. Macias' History**

Without minimizing the seriousness of the offense, we respectfully submit that a sentence of 60 months is appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  When imposing a criminal sentence, a court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and sentence him as an individual.  *See* 18 U.S.C. § 3553(a)(1); *see also Gall* v. *United States*, 52 U.S. 38, 52 (2007) (quoting *Koon* v. *United States*, 518 U.S. 81, 113 (1996)) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate and sometimes magnify, the crime and the punishment to ensue"); *Penry* v. *Lynaugh*, 492 U.S. 302, 319 (1989) (abrogated on other grounds) ("[E]vidence about [a] defendant's background and character is relevant" to the sentencing decision, "because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental

1   problems, may be less culpable than defendants who have no such excuse.").  Taking these

2   individualized factors into consideration, such as Mr. Macias' traumatic childhood and ███████

3   ████████, a court must impose a sentence that is "sufficient, but not greater than necessary,"

4   to "reflect the seriousness of the offense, to promote respect for the law, . . . to provide just

5   punishment for the offense; [] to afford adequate deterrence to criminal conduct; [and] to protect

6   the public from further crimes of the defendant . . . ."  18 U.S.C. § 3553(a)(2).

7         In this case, as detailed above, Mr. Macias' Guidelines range of 70 to 87 months is far

8   greater than necessary to accomplish these goals.  Notably, the Guidelines range is driven

9   significantly by Mr. Macias' Criminal History Category.  And his Criminal History Category, in

10  turn, stems from ████████████.  The severity and duration of Mr. Macias' ████████████ are

11  exceptional and set him apart from the typical person in Criminal History Category IV.

12  Mr. Macias' ████████████████████████████, represents the common

13  denominator underlying the entirety of his criminal history.  His ███████ drove the conduct

14  leading to each of Mr. Macias' prior convictions: two juvenile adjudications for ███ and driving

15  with a suspended license; one misdemeanor conviction for ███████████████████;

16  and three felony convictions for ████████████ and burglary—a crime Mr. Macias

17  committed nearly ten years ago in a desperate attempt to ███████████. ███████████

18  ████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████

21  ███████. The instant offense is no different. Mr. Macias committed this offense for a single reason:

22  ████████████. His crime gave him ████████████████████████. It is a

23  crime motivated by ███████ and nothing more.

24        Notably absent in Mr. Macias' criminal record are convictions for crimes of violence or

25  crimes of greed.  Mr. Macias never sought to enrich himself through criminal activity and never

26  committed acts of violence against others.

27        Mr. Macias does not in any way seek to diminish the seriousness of his offenses here.  To

28  the contrary, Mr. Macias takes full ownership of his illegal conduct, and does not back away from

9

SENTENCING MEMO
Case No. 21-cr-00026 (EMC)

1  it. In fact, as explained above, he returned to the United States from Mexico specifically to face
2  this proceeding, knowing full-well what the consequences would be. PSR ¶ 106. Since his return
3  to the United States after ████████ in June 2021, Mr. Macias has attended court appearances
4  and has been in regular communication with his Pretrial Services officer and undersigned counsel.

5  **B. Avoiding Unwarranted Sentencing Disparities**

6  In addition to considering a defendant's life experiences in determining a fair sentence, a
7  court should also consider "the need to avoid unwarranted sentence disparities among defendants
8  with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). In
9  Mr. Macias' case, these considerations—both individually and collectively—strongly support a
10 sentence substantially below the otherwise applicable Guidelines range. Where, as here, the
11 defendant's criminal history was motivated by and intended to support ████████, courts have
12 recognized that downward variance from the Guidelines range is appropriate. *See, e.g.*, *United*
13 *States* v. *Beverly*, No. 13-3722, 2014 WL 2766626, at *1 (6th Cir. June 5, 2014) (district court
14 imposed 110-month sentence on career offender defendant convicted for cocaine trafficking and
15 unlawful firearm possession, despite Guidelines range of 188 to 235 months, due in part to the fact
16 that defendant's criminal offenses "were typical of those committed by ████████
17 ████████"); *United States* v. *Fajardo-Galvan*, 694 F. App'x 327, 329 (5th Cir. 2017)
18 (district court imposed 23-month sentence for illegal re-entry, despite 30 to 37 month Guidelines
19 range, because the defendant "had no violent criminal history and the criminal history he did have
20 was tied to ████████"); *United States* v. *Miles*, 362 F. App'x 314, 319 (3d Cir. 2010)
21 (affirming 10-month downward variance because defendant's bank robberies resulted from "█
22 ████████"); *United States* v. *Martinez*, 802 F. Supp. 4 1251,
23 1256 (D.N.M. 2011) (imposing 120-month sentence for distribution of methamphetamine, despite
24 188 to 235-month Guidelines range, because defendant's prior convictions "are old and largely
25 spring from his efforts to ████████."). Because Mr. Macias likewise has "no violent
26 criminal history and the criminal history he d[oes] have was tied to ████████," a downward
27 variance is similarly appropriate in this case.
28

**C.  Seriousness of the Offense, Just Punishment, Deterrence, and Protecting the Public**

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  In Mr. Macias' case, a sentence within the 70 to 87-month Guidelines range would be unnecessarily harsh for the reasons explained above.  Moreover, the length of Mr. Macias' detention will have no bearing on deterring future criminal conduct; the essential determinant of Mr. Macias' future will be his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮.  Similarly, with regards to "protect[ing] the public," Mr. Macias is not a threat to public safety, as demonstrated by the absence of any violent crimes in his criminal history, his proactive effort to face the charges in this case and the ensuing incarceration, and his persistent commitment to maintaining his ▮▮▮▮.

Instead, Mr. Macias respectfully requests that this Court impose a sentence no greater than necessary to achieve the goals of the factors set forth in the sentencing statute:  60 months' imprisonment.  The U.S. Probation Officer, who undertook a similar analysis of the § 3553(a) factors, came to the same conclusion.  *See* Addendum to the PSR at 1.

<u>Conclusion</u>

For the foregoing reasons, Mr. Macias respectfully submits that a sentence of five years' imprisonment—the mandatory minimum for the offense of conviction—would be "sufficient, but not greater than necessary" to meet the objectives of the federal sentencing system.  18 U.S.C. § 3553(a).

Dated: June 9, 2022

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Walter F. Brown*
      Walter F. Brown
      R. Rosie Vail
      535 Mission Street, 24th Floor
      San Francisco, CA 94105
      Telephone: (628) 432-5111
      Facsimile:  (202) 204-7379

*Attorneys for Defendant*
ANTHONY MACIAS

# EXHIBIT A

## [REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED]

To whom it may concern,

My name is Sandra Macias. My brother Anthony as I know and remember him since a young age has been kind and compassionate. He was outgoing, loves sci-fi movies, video games, and cartoons. He loves his family and his close friends. The important people in his life have always come first before anything or anyone else. Anthony from a very young age has ███████████ ██████████████████████████████████████████████████████. However, this has not discouraged him from the want to learn new things. He also constantly encourages his nephews and nieces to finish school because he knows an education is important. My brother's ██████████████████, and just life overall have not made life easy. Unfortunately, it has led him to make mistakes and fall further into bad habits. His story is what has inspired me tremendously with my own career goals of working as a teacher in communities like Hayward, Ca. When I see my students I see my brother Anthony at that age, a young kid with the ability and desire to learn but facing obstacles that some of us can't even fathom. I believe my brother Anthony needs all the help he can receive to fight this ████████ and to become that brother that I remember him to be. I strongly believe that ████████ is the best decision for him to become a model citizen in the world.

Thank you for your time,
Sandra Macias

# EXHIBIT B

**[REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED]**

To whom this may concern,

My name is Susy Macias. I am writing this letter in regard to my brother Anthony Macias. My brother since a very young age has been a very kindhearted person. He has always put first his close friends and families before anything including himself.

Anthony since a young age has 

.

I know deep inside that affected him a lot in his young years. This and many obstacles in Anthony's life have caused him to make some poor choices including falling into ██████. Although, that is not an excuse, I strongly believe my brother doesn't need incarceration he needs help to overcome ██████. He needs ██████ and to be surrounded by his family for him to beat this ██████ and become the best he can be.

Thank you for your time,

Susy Macias

# EXHIBIT C

## [REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED]

5/9/22

To whom it may consert my name is Georgina Macias Anthony's oldest sister. Anthony always

been caring and family person. Anthony was discovered of a ████████████████████

████████████████████. Anthony had a hard time at school but never gave

up and continue to study and till this moment he always encourage his nephews and nieces to get

and education.Anthony might of took the wrong direction in life or made mistakes. One of his

biggest mistake ██████████████████████████████████████████████

████████████. My family and I pray for his well being and get all the help he needs to

turn his life around and give the opportunity to start fresh. To be the honest,happy and loving

person he has always been. Thank you for taking the time to read this letter.

Georgina Macias Lopez